# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 11-636V**
**Filed: February 21, 2013**

**********************************

| | | |
|---|---|---|
| NADINE L. KRAGER and | * | UNPUBLISHED |
| JEFFREY A. KRAGER, legal | * | |
| representative and parent of a minor, | * | Attorneys' Fees and Costs; Reasonable |
| child, CASEY R. KRAGER, | * | Amount Requested to which Respondent |
| | * | Does Not Object |
| Petitioners, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| | * | |
| Respondent | * | |

**********************************

Richard H. Moeller, Berenstein, Moore, et al., Sioux City, IA, for petitioners;

Melonie J. McCall, U.S. Dep't of Justice, Washington, D.C., for respondent.

## ATTORNEYS' FEES AND COSTS DECISION[1]

On October 3, 2011, petitioners, Nadine and Jeffrey Krager, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to file a motion for redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). In the absence of such motion, the entire decision will be available to the public. Id.

Vaccine Program").[2]   Petitioners alleged that their minor child, Casey, developed thrombocytopenia purpura and other injuries as a direct result of his receipt on March 24, 2010, of the Measles-mumps-rubella ("MMR"), hepatitis A ("Hep A"), and varicella vaccinations.

Based on the persuasive factors supporting petitioners' claim and respondent's election not to challenge petitioners' claim, the undersigned issued a decision finding that petitioners are entitled to compensation under the Vaccine Program on December 7, 2012, and awarding damages.  See Decision Awarding Damages.

On February 20, 2013, petitioners' counsel filed a motion for attorneys' fees and costs in the amount of $16,115.00, to which respondent's counsel did not object.  The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of petitioners' request and respondent's counsel's lack of objection to petitioners' counsel's fee request, the undersigned **GRANTS** petitioners' motion for approval and payment of attorneys' fees and costs.  Petitioners' counsel certifies that his client had incurred no out-of-pocket expenses per General Order No. 9.

The undersigned awards a total of $16,115.00 in attorneys' fees and costs.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in petitioners' favor in the amount of $16,115.00 in attorneys' fees and attorneys' costs. The judgment shall reflect that the Berenstein, Moore, Heffernan, Moeller & Johnson, LLP firm may collect $16,115.00 from petitioners.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Patricia E. Campbell-Smith
Patricia E. Campbell-Smith
Chief Special Master

---

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (the "Act").  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| NADINE L. KRAGER AND JEFFREY A. KRAGER, legal representatives and parents of a minor child, CASEY R. KRAGER,<br><br>            Petitioners,<br><br>     v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>            Respondent. | )<br>)<br>)<br>)<br>)  **ECF**<br>)<br>)  **No. 11-636V**<br>)  **Chief Special Master**<br>)  Patricia Campbell-Smith<br>)<br>)<br>)<br>)<br>) |

### STIPULATION OF FACTS REGARDING ATTORNEYS' FEES AND COSTS

It is hereby stipulated by and between the parties, the following facts concerning the above-captioned matter:

    1.  Richard Moeller, Esq., of Bernstein, Moore, Heffernan, Moeller & Johnson, LLP, is the attorney of record for petitioners.

    2.  A Judgment awarding petitioners compensation was entered on January 9, 2013.

    3.  Petitioners' counsel forwarded a draft "Motion for Attorneys' Fees and Costs" ("Draft Motion") requesting $16,889.18 in attorneys' fees and costs to counsel for respondent on January 15, 2013.

    4.  In informal discussions, respondent raised objections to certain items in petitioners' Draft Motion.  In response, petitioners have amended their request for attorneys' fees and costs to a total of $16,115.00.

    5.  Petitioners request reimbursement in the amount of $16,115.00, made payable jointly to petitioners and petitioners' attorneys, Berenstein, Moore, Heffernan, Moeller & Johnson, LLP, for attorneys' fees and costs.  In accordance with General Order No. 9, petitioners will file within the next week a statement indicating that they did not personally incur any expenses in proceeding on this petition.

    6.  Petitioners understand that the payment totaling $16,115.00 represents all attorneys' fees and costs available under 42 U.S.C. §300aa-15(e).  Counsel for respondent has informed counsel for petitioners that respondent will not object to petitioners' request for $16,115.00 for all attorneys' fees and costs in this matter.

7.  Nothing in this Stipulation of Facts Regarding Attorneys' Fees and Costs, including the amount set forth in paragraph 4, should be construed as an admission, concession, or waiver by either party as to any of the matters raised by petitioner's request for attorneys' fees and costs, including, but not limited to, the hourly rates requested, the number of hours requested, and other litigation-related costs.

Respectfully submitted,

  s/ Melonie J. McCall               s/ Richard H Moeller
MELONIE J. McCALL                Richard H. Moeller, Esq.
Attorney for Respondent            Attorney for Petitioners
Trail Attorney                     Bernstein, Moore, Heffernan, Moeller
Civil Division, Torts Branch        Johnson, LLP
U.S. Department of Justice          501 Pierce Street, Suite 300
P.O. Box 146, Ben Franklin Station  Sioux City, Iowa  51101
Washington, D.C.  20044            (712) 252-0020
(202) 616-4098

Dated:  February 20, 2013

2